IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACKIE McDOWELL, et al.          :          CIVIL ACTION
                                 :
          v.                     :
                                 :
PHILADELPHIA HOUSING             :
   AUTHORITY, et al.             :          NO. 97-cv-2302-JF

MEMORANDUM AND ORDER

Fullam,  Sr. J.                                    June 25, 2007

          The 1998 Consent Decree imposes upon defendant, the
Philadelphia Housing Authority ("PHA"), certain obligations
arising from existing laws and regulations on utility allowances.
In 2002, PHA entered into an Agreement with HUD to participate in
the "Moving to Work" ("MTW") demonstration program for seven
years, beginning (retroactively) in 2001 and ending on April 1,
2008.  Participation in the program allows PHA to experiment with
innovative approaches that may otherwise violate applicable
housing laws and regulations, provided that these experimental
approaches are authorized by HUD.  The MTW Agreement includes a
general statement of authorizations, but also provides that PHA
shall submit annual plans to HUD for review.  It further requires
PHA to "ensure that operation of its Moving to Work program is
consistent with any outstanding court orders."

          In 2005, PHA moved to vacate the Consent Decree,
arguing that its mere entry into the MTW program released it from
any obligation to comply with otherwise applicable laws and
regulations on utility allowances.  That motion was denied on

October 12, 2006, "without prejudice to the defendant's right to make further application(s) to this court for modification of the Consent Decree to effectuate changes in procedure permitted or required by the MTW Agreement which are approved by HUD."

PHA has now renewed its motion, urging that the Consent Decree be vacated so that it may implement two "initiatives" in the 2007 annual plan.  The first calls for utility allowance payments to households at or above 80% of the Area Median Income to be phased out over a two-year period.  The second initiative proposes to adjust the utility allowance schedules every year to reflect changes in HUD funding as well as actual utility costs. The PHA Board approved the 2007 plan on March 6, 2007 by a resolution, which authorized the PHA director to submit the plan to HUD and to "take all steps necessary to secure HUD approval of . . . the Plan."  To date, HUD has not approved the 2007 plan.

PHA argues that the MTW Agreement permits it to implement these two initiatives, and that the Consent Decree must be vacated because it unfairly prevents implementation.  In particular, PHA interprets Article I, I of the MTW Agreement as expressing HUD pre-approval of any reasonable rent policy that PHA may adopt, subject to certain procedural requirements, and argues that such pre-approval encompasses any changes affecting utility allowance payments.  For the reasons stated below, I decline to vacate the Consent Decree at this time.

First, it is not clear that PHA has in fact complied with the procedural requirements set forth in Art. I, I of the Agreement.  In particular, PHA does not represent that it has conducted the required impact analysis or established a policy for addressing hardship cases.

Second, although Article I, I, read in isolation, may be interpreted to give PHA carte blanche in setting rent policy, other considerations disfavor such an interpretation.  For instance, another provision of the MTW Agreement provides that HUD will review the annual plans submitted by PHA for consistency with the MTW Agreement.  The PHA Board resolution approving the 2007 plan and submitting it to HUD looks forward to "secur[ing] HUD approval of . . . the Plan."

Third, HUD appears to have implicitly rejected the approach embodied by these two initiatives — a simple cut-back in services.  In response to PHA's request for more funding to cover rising utility costs, HUD answered in December 2005 that PHA, as a MTW agency, has greater flexibility and suggested several ways PHA can manage the higher utility costs.  None of the suggestions entailed simply decreasing the allowance payments or stopping payment to otherwise qualifying residents.  In fact,  HUD cited the applicable regulations on utility allowances and reiterated the legal obligations they impose on PHA.

For these reasons, I will deny PHA's motion at this time.  An order follows.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JACKIE McDOWELL, et al.        :        CIVIL ACTION
                               :
           v.                  :
                               :
PHILADELPHIA HOUSING           :
   AUTHORITY, et al.           :        NO. 97-cv-2302-JF


<u>ORDER</u>


           AND NOW, this 25th day of June, 2007, IT IS ORDERED

that the defendant's renewed motion to vacate the Consent Decree

(Dkt. No. 162) is DENIED, without prejudice to the defendant's

right to make further application(s) to this court for

modification of the Consent Decree to effectuate changes in

procedure permitted or required by the MTW Agreement which are

approved by HUD.




                              BY THE COURT:



                              /s/ John P. Fullam
                              John P. Fullam,    Sr. J.