IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACKIE McDOWELL, et al., <br>         Plaintiffs, <br>    v. <br> THE PHILADELPHIA HOUSING <br> AUTHORITY, et al., <br>         Defendants. | CIVIL ACTION <br><br> NO. 97-2302 |

**THE PHILADELPHIA HOUSING AUTHORITY'S SUR-REPLY
IN OPPOSITION TO PLAINTIFFS' MOTION TO APPOINT MASTER**

The Philadelphia Housing Authority ("PHA"), through counsel, hereby submits its Sur-Reply in Opposition to Plaintiffs' Motion to Appoint a Master and Set Forth Master's Duties pursuant to Fed. R. Civ. P. 53 (Dkt. No. 215, June 1, 2010). A sur-reply is necessary to address two very brief points that arise out of Plaintiffs' Reply Memorandum (Dkt. No. 218, July 8, 2010) ("Pls.' Reply").

First, in their Reply, Plaintiffs now agree with PHA that Harris Bock may be appointed as Master in order to make *recommendations* to the Court, *subject to the Court's oversight*. *Compare* Pls.' Reply at 2 *with* PHA's Response at 2-4 (Dkt. No. 217, June 23, 2010).

Second, Plaintiffs state that entry of PHA's proposed order, which is attached to PHA's Response, would "eviscerate the Third Circuit's ruling." Pls.' Reply at 2. Nothing could be further from the truth. Plaintiffs completely ignore this Court's direction in the Court's opposition to Plaintiffs' Petition for a Writ of Mandamus, which this Court made after the Third Circuit's 2005 ruling and which is completely harmonious with that ruling. *McDowell v. PHA*, 423 F.3d 233 (3d Cir. 2005). This Court stated:

> This Court stands ready to enter judgment in favor of individual class members and against the defendant for <u>whatever refunds can be established as payable, but plaintiffs' entitlement to such relief has yet to be demonstrated by counsel.</u>

Answer of Respondent Judge John P. Fullam, 3d Cir., No. 09-3604, filed on November 12, 2009 (emphasis added). It is not surprising that Plaintiffs would want to distance themselves from their ill-conceived request for a writ of mandamus. However, Plaintiffs do not get to distance themselves from the clear dictate of this Court offered in response to that mandamus.

Contrary to Plaintiffs' assertion, PHA's Proposed Order, which is attached to PHA's Response, is consistent with this Court's pronouncements and the Third Circuit's opinion. PHA's Proposed Order states:

> The Master has the authority to make reports and recommendations to assist the Court in determining a fair process to identify individual class members who may be entitled to recovery, to recommend to the Court a process by which each individual class member will produce evidence necessary to demonstrate entitlement to relief, to recommend to the Court a method for calculating the amount of recovery of each individual class member, and to recommend to the Court methods of implementing those processes. (Proposed Order, Dkt. No. 217).

It is also not surprising that Plaintiffs' would rather avoid a process whereby they are required to establish that individual class members are entitled to relief, especially in a matter in which the parties clearly agreed to a bifurcated process, and only the liability portion of one period has been addressed. Nevertheless, Plaintiffs' short-cut approach has been rejected by this Court and is not supported by the law.[1]

---

[1] Plaintiffs do not cite a single case, let alone a case from a court in this Circuit, to support their position that they are entitled to a lump-sum payout without providing any evidence that each alleged class member is entitled to relief. Pls.' Reply at 3. This Circuit has ruled, in the class action context, that there is a distinction between establishing a common source of damages necessary to fulfill the requirements of Rule 23, and the amount or calculation of damages that may vary from class member to class member. *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311-15 (3d Cir. 2008). The case law is clear that although a common source of damages may be sufficient to meet the requirements of Rule 23, Rule 23 does not relieve each class member from establishing the amount he or she may be entitled to recovery. *Id.*; *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 166-69 (3d Cir. 2001) ("Proof of injury (whether or not an injury occurred at all) must be distinguished from calculation of damages (which determines the actual value of the injury).").

For these reasons, and those set forth in PHA's Response, PHA respectfully requests that the Court deny Plaintiffs' motion and instead enter PHA's Proposed Order appointing Harris T. Bock, Esquire, as Master in this case. Further, PHA proposes that the Master, once appointed, schedule an initial conference to determine how the Master can best fulfill his role under this Order and the other orders governing this case.

Dated: July 30, 2010

Respectfully submitted,

/s/ Andrew J. Kenis
Alan C. Kessler (I.D. No. 22230)
Stephanie L. Kosta (I.D. No. 89656)
Andrew J. Kenis (I.D. No. 92198)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103-4196
(215) 979-1000

*Attorneys for Defendant*
*The Philadelphia Housing Authority*

# CERTIFICATE OF SERVICE

I certify that all opposing counsel are Filing Users on the CM/ECF system of the United States District Court for the Eastern District of Pennsylvania and, therefore, the foregoing document is being served electronically through the CM/ECF system on:

      **VIA ECF**

      Paul Brooks, Esquire
      George Gould, Esquire
      COMMUNITY LEGAL SERVICES, INC.
      1424 Chestnut Street
      Philadelphia, PA 19102-2505

Date: July 30, 2010                  /s/ Andrew J. Kenis
                                          Andrew J. Kenis