IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACKIE MCDOWELL, et al.,<br>                  Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | 97-2302 |
| | : | |
| PHILADELPHIA HOUSING<br>AUTHORITY, et al.,<br>                  Defendants. | :<br>:<br>:<br>: | |

Goldberg, J.                                                                                                                                May 24, 2013

## MEMORANDUM OPINION

Presently before the Court is the parties' Joint Memorandum of Law in Support of Court Approval of the Proposed Class Action Settlement, which we will construe as a joint motion for final approval of the settlement. For the reasons set forth below, the motion will be granted.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[1]

In April 1997, named Plaintiff Jackie McDowell, a tenant in Philadelphia's public housing system, filed this class action against the Philadelphia Housing Authority ("PHA"), et al. ("Defendants"). McDowell alleged that Defendants had deprived her of her federal rights by failing to factor rising gas rates into the gas utility allowances she was entitled to receive under the United States Housing Act of 1937, 42 U.S.C. § 1437 et seq. McDowell sought relief for herself and for similarly situated PHA tenants. The plaintiff class was certified by Order dated

---

[1] Given the protracted nature of this matter, which encompasses a time frame of over ten years from the date of the first contempt motion (and sixteen years since inception), 270 district court docket entries, and adjudication in this district by two district court judges, a magistrate court judge and a special master, we limit the background to only a basic summary.

May 22, 1997 (Doc. No. 6), and the case was subsequently settled via a Stipulation and Consent Decree ("Consent Decree") in January 1998.

The instant settlement agreement pertains to Defendants' alleged violations of the Consent Decree.  Specifically, Plaintiffs contend that Defendants failed to factor rising gas rates into the gas utility allowances, as required under the Consent Decree and 24 C.F.R. § 965.507, for the following periods: (1) July 1, 1999 through December 21, 2002, and (2) October 31, 2005 through November 30, 2006.  In August 2010, Harris T. Bock was appointed as master and given the authority to make reports and recommendations concerning the identification of class members and the proper calculation and payment of compensation by Defendants.  Beginning in March 2011, the parties commenced extensive negotiations, both independently and with the assistance of the Honorable L. Felipe Restrepo, United States Magistrate Judge, which culminated in the instant settlement agreement.

The settlement establishes a fund in the amount of $2,650,000 to be distributed among 5,642 class members.[2]  Defendants also agreed not to oppose a payment of fees and costs in the amount of $730,000 to Plaintiffs' counsel.

On January 28, 2013, this Court granted the parties' joint motion preliminarily approving settlement and the notice of proposed settlement to the class.  Following that Order, a notice of proposed settlement and of the settlement hearing ("Notice") was sent to the class.  The Notice was also posted in the Philadelphia Daily News, Philadelphia Tribune and Al Dia, as well as in PHA's management offices.  No objections to the proposed settlement were filed with the

---

[2] The settlement also provides for a calculation related to set-offs for unpaid rent and property damages with respect to each individual class member.  Any reduction to a class member's hypothetical share as a result of set-offs (which each class member can challenge through the procedure established in the agreement) does not affect the total amount placed in the settlement fund.

Clerk's office within the thirty-day period provided for in the Notice.  In addition, no objections were raised at the fairness hearing that was held on April 15, 2013.

## II.     DISCUSSION[3]

"[A] class action cannot be settled without the approval of the court and a determination that the proposed settlement is fair, reasonable and adequate.  In re Pet Food Prods. Liab. Litig., 629 F.3d 333, 349 (3d Cir. 2010).  Approval of the settlement is left to the sound discretion of the trial court.  In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions, 148 F.3d 283, 299 (3d Cir. 1998) (internal quotation marks omitted).  Under Federal Rule of Civil Procedure 23(e), trial judges bear the responsibility of protecting absent class members, "which is executed by the court's assuring that the settlement represents adequate compensation for the release of the class claims."  In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig., 55 F.3d 768, 805 (3d Cir. 1995).

The United States Court of Appeals for the Third Circuit has articulated nine factors to be considered when determining the fairness of a settlement:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

---

[3] We note that the current settlement agreement is more precisely a resolution of Plaintiffs' "Motion[s] to Enforce Consent Decree[ and] to Cite Defendants for Civil Contempt" (Doc. Nos. 14, 119).  These motions are a continuation of a class action matter.  As such, in approving the most recent settlement, we will apply the standards for class action settlements as set forth in Part II of this Memorandum Opinion.

Girsh v. Jepson, 521 F.2d 157, 156 (3d Cir. 1975) (quoting City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974) (ellipses omitted)).  The burden of establishing fairness lies with the proponents.  In re. Gen Motors, 55 F.3d at 785.

After careful consideration, we conclude that the parties' proposed settlement is fair, reasonable and adequate.  The settlement reflects good faith, arms-length negotiations between the parties as to the reasonable valuation of Plaintiffs' claims and the attorneys' fees expended. It was reached with the assistance of Judge Restrepo and contemplated the risks related to establishing liability and damages, the complexity of outstanding issues and the expense and delay attendant in fully litigating the case.  We also note that Plaintiffs were represented by experienced and reputable counsel.  Plaintiffs' attorneys are staff members at Community Legal Services, an institution dedicated to representing low income residents of Philadelphia.  Further, the settlement fund is adequate and will provide recovery for all of the class members without delay or the risk of an adverse determination.  Moreover, no class member has objected to the settlement.

## IV.     CONCLUSION

For the foregoing reasons, we will grant the parties' joint motion for final approval of the proposed class action settlement.

An appropriate Order follows.